## Newmyer's Appeal.

1. Members of a church subscribed in writing sums to buy a lot for erecting a church ; the deed was made to L., B. and N., who were subscribers, without N.'s knowledge.  L. and B. executed a deed to the church ; N. refused, having been notified by several subscribers to do so.  *Held*, that the conveyance to L., B. and N. was in trust for the church, and the notice to N. did not justify him in refusing to convey.

2. A parol condition by the notifying subscribers, that the lot was not to be conveyed till a fund be raised sufficient to erect the building, was not ground upon which N. could refuse to convey :  it was a matter between those subscribers and the church.

3. Costs imposed on N. under the circumstances.

October 10th 1872.   Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Appeal from the District Court of *Allegheny county* :  In Equity :  Of October and November Term 1870, No. 203.

The proceeding commenced by a bill, filed February 15th 1868, by " The First Evangelical Lutheran Church of Pittsburg" against Jacob S. Newmyer.

The complaint was, that the plaintiffs, an· incorporated religious body, having determined to change the location of their church building, selected a lot on Penn street, Pittsburg, which could be purchased for $20,000. A subscription book was accordingly opened in which the several subscribers agreed to pay the sums set opposite their names, "provided $20,000 is made up and paid;" $20,245 were subscribed and paid; the lot was purchased and paid for by the money subscribed, and the title, on the 30th of April 1864, conveyed by John Herron, the owner, to Thomas H. Lane, George Black and Jacob S. Newmyer; the plaintiffs, by resolution of their church council on the 18th of November 1867, requested Lane, Black and Newmyer to convey the lot to the corporation ;  Lane and Black executed a deed of conveyance, but Newmyer refused.

The prayer of the bill was, that a decree be made ordering Newmyer to execute the deed of conveyance to the corporation.

Newmyer answered that the lot had been purchased by the subscription-money as averred in the bill, but that the subscriptions were made and paid, he being one of the subscribers, with the express understanding, that the lot was not to be given to the church until it should raise a fund to erect a church building on the lot

free from all debt; the fund was to be raised in a reasonable time, and the building commenced with the least practicable delay; no such fund had been raised although a reasonable time had elapsed; the deed from Herron was made to Lane, Black and the respondent, without the respondent's knowledge or consent. Previously to the request to him to execute the deed of conveyance, he had been notified by subscribers to the amount of $6360 to the fund for the purchase of the lot, not to convey it to the plaintiffs, as they would hold him "to strict accountability in regard thereto." In his answer he suggested that the subscribers thus notifying should be made defendants in the bill, and declared his readiness to execute such deed as the court should decree; he further submitted whether any decree could be made against him.

A replication was filed, and William B. Cooke, Esquire, was appointed master.

The master found that the subscriptions were made, and the lot purchased with the moneys, as set out in the bill, and that the conveyance to Black, Lane and Newmyer was in trust for the plaintiffs; that the conveyance from Herron had been made without the respondent's knowledge and consent, and his name used without his authority; that notice had been given to Newmyer, as averred in his answer, not to execute the deed; that John Graff, one of the subscribers, and one of the persons notifying Newmyer, subscribed upon the understanding that the full amount of the purchase-money of the lot should be paid, and the church building erected as soon as practicable, by selling the old church lot and raising an amount outside sufficient to free the church from all debt; "then, and not until then, was the title of said lot to be vested in the church;" that such was not the general understanding amongst the subscribers; the subscriptions having been made on no other conditions than those appearing in the subscription-book. The master was of opinion that the terms and conditions of the subscriptions were those only contained in that book. He further found that no funds had been raised or steps taken to build a church on the lot.

He decided that the plaintiffs were entitled to a conveyance of the lot from the respondent.

After exceptions to the report, the court (Hampton, P. J.) decreed: "That the said respondent, Jacob S. Newmyer, took and holds the title to the lot of ground mentioned and described in complainants' bill in this case, and conveyed by John Herron and wife to Thomas H. Lane, George Black and the said Jacob S. Newmyer, by deed dated April 30th 1864, &c., in trust for the complainants, the First English Evangelical Lutheran Church of Pittsburg. And the court do further order, adjudge and decree that the said Jacob S. Newmyer do forthwith execute and deliver to the said complainants a good and sufficient deed, granting and

conveying to them all his right, title, interest and estate in the lot of ground aforesaid, conveyed to him by the aforesaid deed of the said John Herron and wife, and that the respondent pay the costs."

Newmyer appealed to the Supreme Court, and there assigned the following errors:—

1. That the subscribers who notified the appellant not to convey were not made parties.

2. Decreeing that the plaintiffs were entitled to a conveyance from the respondent.

3. Decreeing that the respondent should pay the costs.

*M. W. Acheson* and *T. Mellon*, for appellant.—The subscription was a contract between the subscribers; the plaintiffs were not a party, and being strangers to it, they have no equity to ask specific execution of it, especially as this would violate a condition upon which they subscribed: Backus's Appeal, 8 P. F. Smith 186. The want of equity could be shown outside of the writing: Brawdy *v.* Brawdy, 7 Barr 157; Goucher *v.* Martin, 9 Watts 106; Brightly's Eq. Jur. 191. The subscribers who notified the appellant had an interest and should have been parties: 1 Daniels's Chan. Pr. 181; Brightly's Eq. Jur. 411; Adams's Eq. 607; 1 Story's Eq. Jur. sect. 72, 76 a.

*G. Shiras* and *J. I. Kuhn*, for appellees.

The judgment of the Supreme Court was entered October 17th 1872.

PER CURIAM.—The conveyance of the property, about which this controversy has arisen, was, as the master has found, in trust for the " First English Evangelical Church of Pittsburg." There was no reason that we can see, why the appellant should not have joined in the declaration of trust as well as the other trustees, Black and Lane, or otherwise made a conveyance to, or in trust for the church. The notice to him not to convey, by Graff and others, did not justify him in refusing so to do. Even if their alleged parol condition had been established and valid, it was a condition subsequent, and a matter between them and the church. It was not a matter about which Newmyer was bound to interpose in any way. We think the court below violated no equitable rule, under the circumstances of the case, in imposing the costs on the appellant.

> Decree affirmed and appeal dismissed at the costs of the appellant.